# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                         No. CV-05-1296 JC/RLP
                                                                                       CR-95-210 JC

PETER ALLEN SARRACINO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Defendant's Motion To Set Aside Judgement Pursuant To F.R.Civ.P., Rule 60(b)(2)(3)(4) (CV Doc. 1; CR Doc. 176) filed December 12, 2005.  The motion invokes Civil Rule 60(b) as the statutory basis for attacking Defendant's criminal conviction and sentence.

       The relief Defendant seeks, if available, must be pursued under 28 U.S.C. § 2255.  The terms of § 2255 provide the exclusive avenue for an attack on a federal criminal conviction, *see Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (§ 2255 "supplants habeas corpus"), and Defendant's pro se characterization of his claims is not dispositive, *see Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992).  As grounds for his motion, Defendant asserts newly discovered evidence, fraud on the Court, lack of criminal subject matter jurisdiction, and the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005).  These claims are expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws . . . , or . . . the court was without jurisdiction to impose such sentence."  §

2255.  The motion should be construed under § 2255.

In the usual case where a defendant files a non-§ 2255 motion attacking a conviction or sentence,

> district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.

*Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998), *quoted with approval in United States v. Kelly*, 235 F.3d 1238, 1242 (10th Cir. 2000)).  Here, however, notification of recharacterization is not required because § 2255's one-year limitation period has long expired and Defendant has previously filed a § 2255 motion.  *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. Feb 9, 2004) ("failure to notify Appellant of the recharacterization was harmless"); *United States v. Apodaca*, No. 03-8017, 2004 WL 179493, at *1, n.5 (10th Cir. Jan. 30, 2004) ("concern [about petitioner's consent] is not triggered when the petitioner has previously filed a § 2255 motion") (citing *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002)).  The Court will construe Defendant's motion under § 2255, notwithstanding its designation under civil Rule 60(b), because of the nature of the relief sought.

As noted, Defendant has previously filed a § 2255 motion.  *See* CR Doc. 141; *United States v. Sarracino*, No. CIV-99-0027 JC/LCS.  Under 28 U.S.C. § 2255, before a defendant may file or prosecute a second or successive motion, an order authorizing the filing must be issued by the appropriate court of appeals.  The instant § 2255 motion is not Defendant's first and is not accompanied by an authorizing order.  This proceeding will be transferred to the United States Court

of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631. *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).

IT IS THEREFORE ORDERED that Defendant's Motion To Set Aside Judgement Pursuant To F.R.Civ.P., Rule 60(b)(2)(3)(4) (CV Doc. 1; CR Doc. 176) filed December 12, 2005, is construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255;

IT IS FURTHER ORDERED that the Clerk is directed to transfer this case to the United States Court of Appeals for the Tenth Circuit pursuant to 28 U.S.C. § 1631.

_____
SENIOR UNITED STATES DISTRICT JUDGE